**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF IOWA**
**WESTERN DIVISION**

| | |
|---|---|
| SANDRA CAROLINA GARCIA ALAS,<br>Petitioner,<br>vs.<br>MARKWAYNE MULLIN, et al.,<br>Respondents. | No. 26-CV-4088-CJW-KEM<br><br>**ORDER** |

---

Petitioner Sandra Carolina Garcia Alas's petition for writ of habeas corpus is before the Court. (Doc. 1). Respondents filed a response. (Doc. 7). Petitioner filed a reply. (Doc. 11). For the following reasons, the Court **denies** the petition.

## *I. BACKGROUND*

Petitioner is a citizen of El Salvador. (Doc. 1-2, at 4). She entered the United States at an unknown date and time, but states that she "has lived in the United States since approximately 2007," when she was approximately fifteen years old. (Docs. 1, at 1; 1-3, at 1). She has three United States citizen children. (Docs. 1-3, at 1; 1, at 3). She has "remained in the United States without lawful status" "[f]or several years." (Doc. 1, at 4).

On December 18, 2019, petitioner filed an application for asylum and withholding of removal. (Doc. 1-1). On March 14, 2022, United States Department of Homeland Security ("DHS") issued petitioner a notice to appear ("NTA"), charging her with being "an alien[1] present in the United States who has not been admitted or paroled." (Doc. 1-

[1] The United States Code and the accompanying federal regulations use the term "alien." To maintain consistency with the statutory and regulatory text, the Court will use the same term in this Order.

2, at 4); *see* 8 U.S.C. § 1182(a)(6)(A)(i) ("An alien present in the United States without being admitted or paroled, or who arrives in the United States at any time or place other than as designated by the Attorney General, is inadmissible[.]"). On April 4, 2022, DHS issued petitioner a letter stating that she had "not demonstrated with clear and convincing evidence that [her] application was filed within one year of [her] last arrival." (*Id.*, at 1). The application remains pending. (Doc. 1-3, at 3).

On May 1, 2013, petitioner pled guilty to failure to have a valid license or permit for operating a motor vehicle. *State v. Garcia Alas*, DNSTA0018420 (Dist. Ct. Crawford Cnty. 2013).[2] On May 10, 2013, petitioner pled guilty to failing to secure child. *State v. Garcia Alas*, DNSTA0018421 (Dist. Ct. Crawford Cnty. 2013). On March 5, 2019, petitioner pled guilty to following too close. *State v. Garcia Alas*, STA0012322 (Dist. Ct. Ida Cnty. 2019). On January 17, 2024, petitioner pled guilty to speeding. *State v. Garcia Alas*, STA0016396 (Dist. Ct. Ida Cnty. 2023). On November 26, 2024, petitioner pled guilty to a second charge of speeding. *State v. Garcia Alas*, STA0042181 (Dist. Ct. Crawford Cnty. 2024). On October 18, 2025, petitioner pled guilty to a third charge of speeding. *State v. Garcia Alas*, STA0044642 (Dist. Ct. Crawford Cnty. 2025). On July 27, 2026, petitioner was arrested on a charge of domestic abuse assault with intent to inflict serious injury, first offense. *State v. Garcia Alas*, AGCR070636 (Dist. Ct. Crawford Cnty. 2026); (Doc. 10-5). That charge remains pending. *Id.*

On July 28, 2026, Immigration and Customs Enforcement ("ICE") encountered petitioner in the Crawford County Jail. (Doc. 1-3, at 2); *but see* (Doc. 10-1, at 3 (stating

---

[2] Iowa state court criminal and civil records may be accessed online at: www.iowacourts.gov/For_the_Public/Court_Services/Docket_Records_Search/index.asp. *See Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (addressing court's ability to take judicial notice of public records).

that ICE took her into custody July 29, 2026)). The next day, ICE transferred her to the Woodbury County Jail. (Doc. 1-3, at 2). On September 2, 2026, petitioner requested a bond redetermination before an immigration judge. (Doc. 1-4). The immigration judge denied the request, stating, "The respondent is deemed an applicant for admission. The Court has no jurisdiction to issue a bond. *See* INA § 235(b)(2)(A); *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025). *See also Avila v. Bondi*, No. 25-3248 (8th Cir. 2026)." (*Id.*).

On September 18, 2026, petitioner filed the instant petition for habeas corpus relief and provided the Court with Exhibits 1, 2, 3, and 4. (Docs. 1 through 1-4). On October 15, 2026, respondents filed a response and provided the Court with a declaration from Michael Hindman and Exhibits A, B, C, and D. (Docs. 7, 10-1 through 10-5). On October 20, 2026, petitioner filed a reply. (Doc. 11). She also provided the Court with a copy of the order of the immigration judge from October 20, 2026, in which the judge denied her applications for asylum and withholding of removal but granted her cancellation of removal. (Doc. 11-1). Petitioner remains in ICE custody at the Woodbury County Jail. (Doc. 10-1, at 4).

## *II. LEGAL STANDARD*

"Habeas is at its core a remedy for unlawful executive detention." *Munaf v. Green*, 553 U.S. 674, 693 (2008). Habeas corpus relief is available to those "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c). The right to challenge the legality of a person's confinement "through a petition for a writ of habeas corpus . . . extends to those persons challenging the lawfulness of immigration-related detention." *Deng Chol A. v. Barr*, 455 F. Supp. 3d 896, 900–01 (D. Minn. 2022) (citing *Presider v. Rodriguez*, 411 U.S. 475, 485 (1973); *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); and *Demore v. Kim*, 538 U.S. 510, 517 (2003)). A petitioner bears the burden of proving by a preponderance of the evidence

that their detention is unlawful. *Aditya W. H. v. Trump*, 782 F. Supp. 3d 691, 703 (D. Minn. 2025); *Walker v. Johnston*, 312 U.S. 275, 286 (1941); *Espinoza v. Sabol*, 558 F.3d 83, 89 (1st Cir. 2009) ("[T]he burden of proof under § 2241 is on the prisoner."); *Odell v. Hudspeth*, 189 F.2d 300, 302 (10th Cir. 1951) (stating that the burden of proof was upon the petitioner).

## *III. DISCUSSION*

Petitioner argues that her detention is a violation of Title 8, United States Code, Section 1226(a) and the Due Process Clause of the Fifth Amendment. (Doc. 1, at 10–11). She asks for immediate release or a bond hearing within seven days. (*Id.*, at 13). The Court addresses each argument in turn.

### *A. Statutory Argument*

First, petitioner argues that she "is being unlawfully classified as detained under § 1225(b)(2)." (*Id.*, at 11). Respondents argue that "[p]etitioner's statutory arguments are foreclosed by precedent." (Doc. 7, at 1). More specifically, respondents argue that "[Section] 1225(b)(2) mandates [p]etitioner's detention during her removal proceedings." (*Id.*, at 4).

Prior to petitioner filing the instant petition, the Eighth Circuit issued its opinion in *Herrera Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026). After conducting statutory interpretation of both Title 8, United States Code, Sections 1225(b)(2)(A) and 1226(a), the Eighth Circuit determined that Section 1226(a), which permits discretionary release on bond, does not govern the detention of aliens apprehended inside of the United States who have not been lawfully admitted. *Id.* at 1137. Rather, those aliens fall under the category contemplated by Section 1225(b)(2)(A), which requires mandatory detention for aliens not lawfully admitted. *Id.* at 1139–40. The Court is bound by Eighth Circuit precedent. *Harrington v. Wilber*, 670 F.Supp.2d 958, 967 (S.D. Iowa 2009) ("This Court is obligated to abide by the decisions of the Eighth Circuit Court of Appeals,

because such decisions are controlling until overruled by the Eighth Circuit en banc, by the Supreme Court, or by Congress." (cleaned up)). Here, as she has not been lawfully admitted and was apprehended inside the United States, under binding Eighth Circuit precedent, petitioner is an applicant for admission under Section 1225(b)(2). Thus, petitioner's request for habeas corpus relief is **denied** on this ground.

### *B. Due Process Clause Argument*

Second, petitioner argues that her "prior period in non detained proceedings, her long physical presence in the United States, her family ties, and her limited criminal history provide her a liberty interest in being free from detention [that] outweighs the government's interest in maintaining the current procedures." (Doc. 1, at 12). Respondents argue that "[t]he Supreme Court, Eighth Circuit Court of Appeals, and this Court have ruled that detention during removal proceedings, when mandated by statute, does not violate due process. The Court should do so again here." (Doc. 7, at 4). Likewise, Respondents argue that "[t]he [g]overnment has never released [p]etitioner or otherwise provided her a liberty interest." (*Id.*, at 5). In her reply, petitioner argues that "[r]espondents provided [p]etitioner with a liberty interest when they placed her in proceedings and affirmatively chose not to detain her at that time." (Doc. 11, at 1).

"[O]ur immigration laws have long made a distinction between those aliens who have come to our shores seeking admission . . . and those who are within the United States after an entry, irrespective of its legality." *Leng May Ma v. Barber*, 357 U.S. 185, 187 (1958). More specifically, the Supreme Court has found that the Due Process Clause extends to all persons present in the United States regardless of their immigration status. *A.A.R.P. v. Trump*, 605 U.S. 91, 94 (2025); *accord Trump v. J. G. G.*, 604 U.S. 670, 673 (2025) ("[T]he Fifth Amendment entitles aliens to due process of law in the context of removal proceedings."). Thus, aliens have due process rights to life, liberty and property. U.S. Const., amend. V; *Mathews v. Diaz*, 426 U.S. 67, 77 (1976). "This

is because once an alien enters the country, the legal circumstance changes, for the Due Process Clause applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent." *Hernandez Marcelo v. Trump*, No. 25-cv-00094, 2025 WL 2741230, at *8 (S.D. Iowa Sept. 10, 2025) (citing *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001)).

In addition, once the government opts to provide a liberty interest, it cannot arbitrarily revoke that interest without due process of law. *See Wolff v. McDonnell*, 418 U.S. 539, 558 (1974). "A person's liberty is equally protected by the due process clause, even when the liberty itself is a creation of the State." *Id.* at 558. This applies to administrative agencies as well, and "an administrative agency may not apply a new rule retroactively when to do so would unduly intrude upon reasonable reliance interests." *Heckler v. Cmty. Health Servs. of Crawford Cnty., Inc.*, 467 U.S. 51, 61 n.12 (1984). A person released from custody "has at least an implicit promise" that his release "will be revoked only if he fails to live up to the parole conditions." *Morrissey. v. Brewer*, 408 U.S. 471, 482 (1972).

At the same time, the Due Process Clause "affords no protection against the deprivation of liberty interests that are not constitutionally cognizable." *Sanchez-Velasco v. Holder*, 593 F.3d 733, 737 (8th Cir. 2010). And "[i]n the exercise of its broad power over naturalization and immigration, Congress regularly makes rules that would be unacceptable if applied to citizens." *Mathews*, 426 U.S. at 79–80. The Supreme Court has found that Section 1225(b)(2) mandates "detention of applicants for admission until certain proceedings have concluded" and that "neither §1225(b)(1) nor 1225(b)(2) says anything whatsoever about bond hearings." *Jennings v. Rodriguez*, 583 U.S. 281, 297 (2018). The Eighth Circuit has now concluded that petitioner falls definitively under Section 1225(b)(2)(A). Thus, petitioner now claims that she should receive more due process than she is entitled under the statute. But, "being detained pursuant to a

constitutionally legitimate statute promulgated by Congress is not a due process violation." *Ibarra Sanchez v. Bondi*, No. 1:26-cv-00063, 2026 WL 883680, at *2 (D.N.D. Mar. 31, 2026).

Likewise, although petitioner now requests the ability to post bond, she was not ever released on bond as she entered the country without inspection. Thus, petitioner did not acquire a liberty interest in release on bond and the government has not arbitrarily revoked an interest that it created. *See Betancourth v. Tate*, No. 4:26-cv-01169, 2026 WL 638482, at *4–5 (S.D. Tex. Mar. 6, 2026) (finding that the re-detention of an alien who was released on her own recognizance with conditions without a bond hearing violated procedural due process because of that previous release); *Alvarez-Rico v. Noem*, No. 4:26-CV-00729, 2026 WL 522322, at *5–6 (S.D. Tex. Feb. 25, 2026) (finding the same in part because "a noncitizen who was previously released on a set of conditions has a strong liberty interest in avoiding re-detention"). Rather, because petitioner has received all the process that she is due, the Court finds no due process violation here either. *See Cervantes Merino v. Whitmore*, No. C26-43-LTS-MAR, 2026 WL 1034395, at *4 (N.D. Iowa Apr. 16, 2026) ("Regarding the class of aliens held under § 1225(b)(2) who have previously affected entry and have remained in the United States for a significant period of time, I find no constitutional right to a bond hearing during the pendency of removal proceedings.").

Because petitioner has provided no legal support for her claim that issuing an NTA without detaining petitioner provided her with a liberty interest, the Court declines to find one here. Petitioner has not been affirmatively released from custody, but rather was permitted to remain not detained; such is not an affirmative grant of liberty that the Court has previously found amounted to a liberty interest. *See, e.g.*, Order, *Soukpessi v. Gardner*, No. 26-CV-164 at *1 (N.D. Iowa Aug. 24, 2026), Dkt. No. 13 (release on recognizance after ICE detention); Order, *Moreno Medina v. Gardner*, No. 26-CV-115,

at * 1–2 (N.D. Iowa June 26, 2026), Dkt. No. 14 (release on recognizance from United States Border Patrol custody). Petitioner's request for habeas corpus relief is **denied** on this ground as well.

## *IV. CONCLUSION*

For those reasons, petitioner's petition is **denied**. (Doc. 1). Judgment shall enter in favor of respondents. The Clerk of Court is directed to close this case.

**IT IS SO ORDERED** this 22nd day of October, 2026.

C.J. Williams, Chief Judge
United States District Court
Northern District of Iowa